UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DUSTIN R. MORRISON,

           Plaintiff,

v.                                             Case No. 21-cv-1436-pp

BROWN COUNTY JAIL,

           Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Dustin R. Morrison, who is confined at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights were violated. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and dismisses the complaint because it fails to state a claim upon which a federal court can grant relief.

I. **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the incarcerated plaintiff must pay an initial partial filing

1

fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his institution account. Id.

The court ordered the plaintiff to pay an initial partial filing fee of $75.07. Dkt. Nos. 8, 12. The court received that fee on February 22, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that on November 7, 2021, Brown County Jail staff opened his legal mail without him being present. Dkt. No. 1 at 2. He states that Officer Thompson handed him an envelope from "the ACLU American Civil Liberties Union stamped on both sides by Attorney Laurence J. Dupuis legal correspondence open only in the presence of the inmate." Id. He states that he filed a grievance and that his grievance "was founded by Laurent, B #2033." Id. at 3. The plaintiff claims that his First, Sixth and Fourteenth Amendment rights were violated. Id.

For relief, the plaintiff seeks $75,000. Id. at 4. He states that he feels his criminal cases have been compromised and that he does not have privacy regarding his correspondence with his attorney and the ACLU. Id. He indicates that his mental health has gotten worse, that he has a hard time sleeping and that he worries all the time "on what they will do to me . . . [a]nd listening to me talk to my attorney on the phone or in professional visits." Id.

C. Analysis

Before addressing the plaintiff's substantive claims, the court notes that the plaintiff cannot sue the Brown County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Brown County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cty. Jail, No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d

700, 704 (7th Cir. 2004)). Because the Brown County Jail does not have the capacity to be sued, the court must dismiss it as a defendant.

Even assuming that the plaintiff had sued a person subject to suit, the complaint fails to state a claim for relief. "[P]risoners have protected First Amendment interests in both sending and receiving mail." Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). This right, however, "does not preclude prison officials from examining mail to ensure that it does not contain contraband." Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005). "Prison regulations or practices affecting a prisoner's receipt of non-legal mail . . . implicate First Amendment rights and must be 'reasonably related to legitimate penological interests[.]'" Rowe, 196 F.3d at 782 (quoting Thornburgh v. Abbott, 490 U.S. 401, 409 (1989)). Regarding legal mail, prison officials may, consistent with the First Amendment, open such mail in the presence of the incarcerated person. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974).

Allegations of interference with legal mail implicate an incarcerated person's rights under the First and Fourteenth Amendments. Turner v. Safley, 482 U.S. 78, 84 (1987); Lewis v. Casey, 518 U.S. 343, 351 (1996);, 196 F.3d at 782. The Seventh Circuit defines "legal mail" as mail from a lawyer or marked as confidential and privileged. Kaufman, 419 F.3d at 686 (citing Wolff, 418 U.S. at 576). Mail from a lawyer to an incarcerated person, however, is not considered "legal mail" if the lawyer does not actually represent or seek to represent the incarcerated person. Id.

"[A]n isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." Rowe, 196 F.3d at 782 (quotation omitted) (short term, sporadic delays in receiving general, content-neutral mail did not give rise to a constitutional violation). On the other hand, the Court of Appeals for the Seventh Circuit has found allegations that legal mail was repeatedly "delayed for an inordinate amount of time" and sometimes stolen are sufficient to state a First Amendment claim. Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1995).

Under the Fourteenth Amendment, an incarcerated person has an interest in being free from interference with legal mail as it relates to his access to the courts. Wolff, 418 U.S. at 577; Kaufman, 419 F.3d at 685-86; see also Guajardo-Palma v. Martinson, 622 F.3d 801, 805 (7th Cir. 2010). Proof of a practice of reading privileged legal mail between an incarcerated person and his lawyer may be sufficient to demonstrate injury. Id. at 805. But "[a]n isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil." Id.

The plaintiff's allegation that a staff member opened his legal mail outside of his presence on one occasion does not state a claim under the First Amendment. See Rowe, 196 F.3d at 782. The plaintiff has not stated an access to the courts claim under the Fourteenth Amendment because he has not alleged that the one-time opening of his legal mail outside of his presence

6

Case 2:21-cv-01436-PP    Filed 04/22/22    Page 6 of 10    Document 17

hindered his efforts to pursue a legal claim. See Guajardo-Palma, 622 F.3d at 805 (citing Lewis, 518 U.S. 343). To state an access-to-the-courts claim, the plaintiff must allege that the alleged interference (in this case, the one-time opening of his legal mail outside of his presence) caused actual injury—in other words, that he lost a valid legal claim or defense because of the challenged conduct. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir.2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir.2006). The plaintiff has not stated a claim for relief under the First or Fourteenth Amendment.

Nor has the plaintiff stated a Sixth Amendment claim upon which relief may be granted. For the purposes of §1983 claims, the Sixth Amendment's protection is limited in scope. It provides a right to counsel in a criminal proceeding and, by extension, protects the confidentiality of communications between an incarcerated defendant and the attorney representing the defendant in the criminal proceeding. Wolff, 418 U.S. at 576. It does not, however, protect any and all legal mail from any and all inspection by correctional staff; consistent with the Sixth Amendment, correctional staff may open mail from the incarcerated person's attorney if the incarcerated person is present when it is opened. Id. The plaintiff's allegation that a jail staff member opened his legal mail from the ACLU one time does not state a viable claim for relief. The plaintiff does not allege that the mail was related to his criminal case and the ACLU does not represent the plaintiff in his criminal case.[1] While the

---

[1] The ACLU, as its name suggests, provides civil representation to those who believe their civil liberties have been violated. https://www.aclu.org/.

court understands that the opening of his legal mail outside of his presence may have prompted the plaintiff to suspect that his confidentiality regarding other legal mail could be affected, he has not alleged that any other legal mail has been opened outside of his presence. Based on the plaintiff's allegation that the grievance he filed about the opening of his legal mail "was founded," it appears that jail staff have acknowledged that a mistake was made when the staff member opened his legal mail. The plaintiff has not alleged any facts to support a claim for relief under the Sixth Amendment.

The complaint fails to state a claim under the First, Sixth and Fourteenth Amendments and because the plaintiff has not sued the individual jail staff member who allegedly opened his legal mail outside of his presence. A court should allow a plaintiff an opportunity to file an amended complaint unless it finds that any amended complaint would be futile. See Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. 2021). The court finds that here, amendment would be futile. A jail staff member opened the plaintiff's legal mail from the ACLU one time and the plaintiff's grievance about the opened mail "was founded." The court cannot envision a realistic scenario in which the plaintiff suffered an injury regarding the criminal cases referenced in his complaint based on the opening of this legal mail from the ACLU. See Guajardo-Palma, 622 F.3d at 806 ("An isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil."). The court finds that it would be futile to allow the plaintiff to file an amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$274.93** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Brown County Sheriff and email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of

judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 22nd day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**